In re Wesley F. HONZA, Jr.
and Robert A. Honza.

No. 10–07–00378–CV.

Court of Appeals of Texas,
Waco.

Dec. 28, 2007.

William B. Short, Ford Nassen & Baldwin PC, Dallas, Stephen M. Hines, Attorney At Law, Midlothian, TX, for Appellant/Relator.

William L. Wolf, William L. Wolf PC, Dallas, TX, for Real Party in Interest.

## DISSENT TO ORDER

TOM GRAY, Chief Justice.

This dissent is in response to an interim order in a mandamus proceeding in which a majority of this court has ordered a jury trial which is in process to be stayed pending further order of this court. The majority's stay order is actually in response to an emergency motion to lift the stay of a discovery order, a stay that this Court had previously ordered. I would deny the motion for emergency relief to lift this Court's order staying the trial court's discovery order and would not stay the jury trial proceeding currently in process because that is relief that has not been requested by either party.

The first trial of the underlying proceeding ended in a mistrial. The parties were on the verge of the second trial when the real-party-in-interest, A & W, moved the trial court to order certain discovery. The trial court ordered discovery of some electronic information that might appear on the Honzas's computers. Actually the trial court ordered discovery and filtration of *everything* on *all* of Honzas's computers in search of some specific electronic information that might be located there regarding the electronic identification of when and who created and edited certain specified documents that had already been produced in response to discovery. The electronic information sought is known as "metadata."

There were significant time constraints in the order for this discovery process due to the impending trial date. The time constraints will most assuredly detract the parties and their attorneys from other tasks in the preparation for, and trial of, the underlying proceeding, not to mention the risk of human error in the greatly accelerated, highly technical, and difficult process of filtering electronic data on mirrored hard drives to eliminate and protect irrelevant data related to Honzas's other clients, privileged materials and information, and other information that, while possibly relevant or not privileged, was never requested in discovery. Further, the trial court indicated that it would not grant a continuance to comply with the discovery order.

The Honzas filed a petition for writ of mandamus and an emergency motion to stay the discovery order until the petition for writ of mandamus could be ruled upon. This Court granted the stay and requested a response. Neither party requested that we stay the trial court proceedings until we ruled on the mandamus. The trial court, as promised, proceeded with the jury trial of the underlying proceeding. A & W filed an emergency motion to lift the stay. It was unanimously denied by this Court.

A & W has now filed a second emergency motion to lift the stay. It should be denied for all the same reasons the first motion to lift the stay was denied, plus the additional reason that the jury has already been selected and the trial commenced.

Nothing substantive has changed in favor of granting the motion.

Because the majority has provided me no information or argument as to why this is being done in this manner, the reader and I are left to guess at the possible legal basis to support the Court's ruling. Based upon the general statute cited by the majority, TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004), it appears they may believe that they need to do this to preserve our jurisdiction. But the statute cited is nothing more than our general authority to issue a writ of mandamus, one subdivision of which provides that we have jurisdiction to issue a writ of mandamus to protect our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004). But this subdivision is not specifically cited. I do not believe that it is applicable to the facts of this proceeding because the majority is not issuing a writ of mandamus, it is issuing an order staying a trial court proceeding. We knew two weeks ago that the trial was about to start without this discovery. The trial could have been over by now without the ruling on the petition for writ of mandamus. Thus I fail to see any change in the procedural posture of this proceeding that would justify the issuance of the order at this time. Nor have I found any legal authority that allows us to unilaterally issue such a stay. The majority cites none.

The parties are in the second week of a jury trial. I cannot conceive of how great an interruption of that process the majority's stay will create. I do not know how long the stay of the jury-trial-in-process will last. I can, however, understand that if, in the alternative, the parties wanted us to stay the trial court proceedings in the event we decided to not lift the stay of the discovery order, they would have surely requested that relief. I can also conceive that A & W may prefer to have a verdict in the current trial and a possible issue for appeal rather than have the current jury trial interrupted in this fashion.

The parties and the trial court went to trial the first time without this information. A & W waited until the eve of the second trial setting to request the trial court to compel the production of this information. Neither A & W nor the Honzas has requested that we stay the trial court proceedings. I would not. Because the majority stays the trial court proceedings, I respectfully dissent.